**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Moses Shepard,

      Plaintiff,

v.

1S REO Opportunity 1 LLC, et al.,

      Defendants.

No. CV-26-00385-TUC-AMM

**ORDER**

On July 31, 2026, pro se Plaintiff Moses Shepard filed an "Emergency Verified Civil Rights Complaint for Temporary Restraining Order and for Preliminary Injunctive Relief and Order to Show Cause Hearing" (Doc. 1), Emergency Motion for Temporary Restraining Order (Doc. 2), Application to Proceed In Forma Pauperis (Doc. 3), and a Motion for Electronic Filing (Doc. 5). For the following reasons, the Court will dismiss Plaintiff's Complaint and deny the motions as moot.

## I.      Plaintiff's Complaint

Plaintiff filed this action seeking to enjoin Defendants 1S REO Opportunity 1 LLC, Pima County Sheriff's Department, and Pima County from "enforcing . . . an entirely legally void state court 'writ of restitution' regarding [Plaintiff's] sole residence and home office . . . ." (Doc. 1 at 1.) Plaintiff alleges that Defendant 1S REO Opportunity 1 LLC initiated an eviction action in Case No. C-20263744. (*Id.* at 4.) Pursuant to those proceedings, Plaintiff alleges that the Pima County Sheriff's Department posted a Notice to Vacate at his residence on July 30, 2026 stating that a lockout will occur on August 11,

2026 at 10:00 a.m. (*Id.* at 5; Doc. 1-1 at 4.) Plaintiff alleges "[t]his state court eviction enforcement relies solely upon an underlying judgment that is a legal nullity, quite literally in its entirety, obtained via extrinsic fraud and a total lack of personal jurisdiction." (Doc. 1 at 1.) He claims that federal jurisdiction is proper under 28 U.S.C. § 1331 and 42 U.S.C. § 1983 because the state court proceeding violated his 14th Amendment due process rights. (*Id.* at 2.)

Although the facts are not clear, it appears Plaintiff appealed the eviction judgment to the Arizona Supreme Court. (*Id.* at 5.) Plaintiff states that "[o]n 7/27/26, the Arizona Supreme Court issued a summary procedural Order in Case No. CV-26-0174, which denied Movant's emergency applications for an interlocutory stay." (*Id.*) Plaintiff attached the referenced order in which the Arizona Supreme Court denied Plaintiff's pending motions and stated that his "petition for review will be considered in due course." (Doc. 1-1 at 7.)

## II.    Application to Proceed In Forma Pauperis

A party who files an action in federal district court must pay a filing fee. 28 U.S.C. § 1914(a). However, indigent plaintiffs may apply for a fee waiver. 28 U.S.C. § 1915. The Court must determine whether the litigant is unable to pay the filing fee before granting leave to proceed in forma pauperis. *See id.* § 1915(a)(1).

Plaintiff did not file the court-approved form Application to Proceed In Forma Pauperis ("IFP Application"). However, he does state under penalty of perjury that he lacks the means to pay the filing fee. (Doc. 3 at 2.) Given the expedited posture of this case and Plaintiff's statements, the Court finds that Plaintiff lacks the means to pay the filing fee. Accordingly, the Court will grant Plaintiff's IFP Application.

## III.    Statutory Screening of Pro Se Complaints

A district court must screen and dismiss a complaint, or any portion of a complaint, filed in forma pauperis that "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b)(1)–(2). The district court applies the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668

F.3d 1108, 1112 (9th Cir. 2012). Thus, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard does not demand "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim to relief is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

The Ninth Circuit has instructed district courts to "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Watison*, 668 F.3d at 1112. A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe*, 627 F.3d at 342 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## IV.    Jurisdiction

The Court has screened Plaintiff's Complaint and will dismiss this matter for lack of subject matter jurisdiction. "Federal courts are always under an independent obligation to examine their own jurisdiction . . . and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (internal citation and quotation marks omitted); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

Plaintiff's Complaint does not establish that this Court has subject matter jurisdiction over his challenge to state court eviction proceedings. First, it appears that Plaintiff's state court eviction proceedings are ongoing. The order from the Arizona Supreme Court indicates that, as of July 27, 2026, Plaintiff's petition for review remains

pending. (*See* Doc. 1-1 at 6–7.) Federal courts are generally required to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention "is designed to 'permit state courts to try state cases free from interference by federal courts.'" *Hicks v. Miranda*, 422 U.S. 332, 349 (1975). It applies if the federal action involves ongoing: (1) state criminal prosecutions; (2) "civil proceedings that are akin to criminal prosecutions"; or (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 70 (2013). Plaintiff's action falls under the third category of cases because the state has an important interest in adjudicating challenges to enforcement of its orders. Accordingly, *Younger* abstention applies precluding this Court from exercising jurisdiction over Plaintiff's claims.

Second, even if the Arizona Supreme Court issued a final judgment in Plaintiff's case and his proceedings were no longer ongoing in state court, the *Rooker-Feldman* doctrine independently bars this Court from exercising jurisdiction over his claim. Under the *Rooker-Feldman* doctrine, "lower federal courts are without subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States." *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 606 (9th Cir. 2005), *abrogated on other grounds by T.M. v. Univ. of Maryland Med. Sys. Corp.*, 146 S. Ct. 1739 (2026); *see also Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). "[T]he *Rooker-Feldman* doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding 'in which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). "This doctrine applies even when the challenge to the state court decision involves federal constitutional issues." *Worldwide Church of God v. McNair*, 805

F.2d 888, 891 (9th Cir. 1986) (citations omitted).

Furthermore, even where a general constitutional challenge independent of the state claim may be permissible, "if claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). An issue is "inextricably intertwined" where "the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Cooper*, 704 F.3d at 779 (citation omitted); *see also Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) ("Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined.").

District courts have repeatedly held that § 1983 suits against state officials enforcing a writ of possession, or eviction order, issued by a state court are barred by the *Rooker–Feldman* doctrine. *See, e.g.*, *Dang v. Oakland Police Dept.*, No. C 13-4155 PJH, 2014 WL 793613, at *7 (N.D. Cal. Feb. 26, 2014) (dismissing claims against Alameda County Sheriff's Office for enforcing state court writ of possession pursuant to *Rooker–Feldman*); *Sorensen v. Clarke*, No. EDCV 08–1142–CAS (JWJx), 2009 WL 122585, at *5 (C.D. Cal. Jan. 12, 2009) (finding that claims against Sheriff Leroy D. Baca and Los Angeles County for carrying out eviction pursuant to writ of possession were "barred by the *Rooker–Feldman* doctrine because they are essentially a collateral attack on the Los Angeles County Superior Court's issuance of a writ of possession"); *Homola v. McNamara*, 59 F.3d 647, 651 (7th Cir. 1995) (holding that suits against deputies who execute a state court order are barred by *Rooker–Feldman*).

Accordingly, the *Rooker–Feldman* doctrine acts as an independent bar that prevents this Court from exercising jurisdiction to review the state court's eviction decision and its execution even if Plaintiff had alleged the existence of a final judgment.

- 5 -

## V. Leave to Amend

Generally, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action if the Court determines that Plaintiff might cure the complaint by alleging other facts. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). However, "[l]eave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

For the reasons outlined above, the Court finds that amendment would be futile. Accordingly, the Court will dismiss Plaintiff's Complaint without leave to amend.

## VI. Conclusion

**IT IS ORDERED**:

(1) Plaintiff's Application to Proceed In Forma Pauperis is **GRANTED**. (Doc. 3.)

(2) Plaintiff's Complaint is **DISMISSED**. (Doc. 1.)

(3) The Clerk of Court shall docket accordingly and term any pending motions.

Dated this 3rd day of August, 2026.

Honorable Angela M. Martinez
United States District Judge